UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CURTIS WILLIAMS,

                        Plaintiff,

              -against-

NEW YORK,

                        Defendant.

18-CV-8353 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in the Marcy Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983. He sues the State of New York and seeks damages. The Court

construes Plaintiff's complaint as also asserting, under the Court's supplemental jurisdiction,

claims under state law. By order dated April 11, 2019, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons discussed below,

the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint, or portion thereof, when

the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates

dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally,

---

[1] Plaintiff filed his complaint while incarcerated in the Five Points Correctional Facility. Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that on an unspecified date, while he was incarcerated in the Green Haven Correctional Facility, multiple prisoners attacked him in that prison's yard. Plaintiff alleges that the other prisoners attacked him because there were only three correctional officers assigned to the yard.

Plaintiff sues the State of New York "for negligence, mental anguish, [] pain [and] suffering[,] [and] for failure to provide a safe environment by requiring each [and] every inmate that wishes to participate in outdoor recreation activities to be subjected to walk through metal detectors . . . ." (ECF No. 2, at 5.) Plaintiff states that this failure "is a clear demonstration of deliberate indifference to the safety [and] security [of the] inmate population . . . ." (*Id.*) Plaintiff seeks $1,500,000 in damages.

## DISCUSSION

### A.     The State of New York

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the State of New York under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for monetary damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*,

474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's § 1983 claims against the State of New York under the doctrine of Eleventh Amendment immunity, and because these claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).[2]

## B.    State-law claims

The Court dismisses any state-law claims Plaintiff asserts under the Court's supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

---

[2] The Court also dismisses Plaintiff's § 1983 claims against the State of New York because a State is not a "person" for the purpose of § 1983 liability. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## C.    Leave to amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's claims cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief from a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    April 17, 2019
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge